Brent Blakely (BB 1966)
bblakely@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
*Attorneys for Plaintiff*
*Universal Standard Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSAL STANDARD INC., a Delaware Corporation,<br><br>       Plaintiff,<br>  v.<br><br>TARGET CORPORATION, a Minnesota Corporation; and DOES 1-10, inclusive,<br><br>       Defendant. | CASE NO.<br><br><br><br>**COMPLAINT** |

  **Plaintiff Universal Standard Inc.** hereby brings the present action against **Defendant Target Corporation**, and respectfully alleges as follows:

## JURISDICTION AND VENUE

  1. Plaintiff files this action against Defendant for trademark infringement, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the laws of the state of New York. This Court has subject matter jurisdiction over the federal trademark infringement and unfair competition claims under 28 U.S.C. §§1121(a), 1331, and 1338(a).

  2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

  3. This Court has personal jurisdiction over Defendant because Defendant does business in this judicial district.

4. This action arises out of wrongful acts by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Universal Standard Inc. ("Universal Standard" or "Plaintiff") is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business located at 256 West 36th Street, Floor 11, New York, New York 10018. Universal Standard is engaged in the business of designing, producing, manufacturing and distributing throughout the United States, including within this judicial district, premium women's clothing under its federally-registered Universal Standard® trademark.

6. Upon information and belief, Defendant Target Corporation (hereinafter "Defendant") is a corporation duly organized and existing under the laws of the state of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

7. Universal Standard is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Universal Standard will seek leave to amend this complaint when their true names and capacities are ascertained. Universal Standard is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Universal Standard is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1-10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages

caused thereby, and by their inaction ratified and encouraged such acts and behavior. Universal Standard further alleges that Defendant had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Universal Standard and its Size-Inclusive Women's Clothing

9. Universal Standard has been engaged in the design, development, production, manufacture, distribution, marketing and sale of high-quality, premium women's clothing since 2015.

10. Since its inception, Plaintiff has used its federally-registered Universal Standard® trademark (U.S. Reg. No. 4,871,827; hereinafter "Universal Standard Mark") as a source-identifier for its products.

11. The original goal of Universal Standard was to solve a real problem facing the plus-sized clothing industry: offer chic, elevated essentials for women sizes 10-28, without sacrificing the quality and modern aesthetic available to women in smaller sizes.

12. To that end, Universal Standard designs its own fabrics and applies keen insight and customer knowledge into its clothing designs with an impeccable attention to detail specifically tailored to be size-inclusive. This thoughtful, detail-oriented process led to Universal Standard's first full collection selling out in mere days, with the waitlist for their signature jeans catapulting thereafter.

13. Over the past three years, Universal Standard has established itself as a leader in the size-inclusive women's apparel arena. Universal Standard's denim styles are some of the company's most sought-after pieces and have been universally praised by the media and consumers alike. As such, Universal Standard's denim products have become a core category of its brand.

14. Universal Standard continues to disrupt the industry by introducing revolutionary initiatives such as Fit Liberty (an exchange program that has never been

offered in the apparel industry whereby items from the company's core collection are eligible for replacement due to size fluctuation), launching a made-to-scale jewelry line catering to the underserved plus-size woman, and recently extending its size range to 6-32.

15. Universal Standard's products are available to consumers for purchase on, among other locations, its website, www.universalstandard.com, at its showrooms located in New York City and Seattle, and at select Nordstrom department stores located throughout the United States, as well as on the Nordstrom website.

### B. Defendant's Infringing Activities

16. Upon information and belief, Defendant is engaged in the retail sale of a wide range of apparel for men, women, and children. Defendant's retail stores are located nationwide, including within this judicial district. Defendant's products can also be purchased online at www.target.com, which is also available to consumers nationwide.

17. The present lawsuit arises from Defendant's willful infringement of Plaintiff's Universal Standard Mark in connection with Defendant's advertisement, offer for sale, and/or sale of its line of women's clothing, "Universal Thread" (hereinafter "Accused Mark.")

18. Not only has Defendant infringed upon the Universal Standard Mark through the sale of clothing, but Defendant has further copied Plaintiff's brand concept, with Defendant's website claiming that its designers for Universal Thread go to "great lengths to perfect every fit, in every piece, in every size."

19. Defendant has never been authorized, licensed, or otherwise granted permission by Universal Standard to use the Accused Mark in connection with the advertisement, offer for sale, and/or sale of any goods and/or services.

20. Defendant, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale products with the knowledge and intent that such goods will be mistaken for genuine high-quality

4

Universal Standard products despite Defendant's knowledge that it is without authority to use the Accused Mark. The net effect of Defendant's actions has and will continue to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's products are originating from, associated with, and/or approved by Universal Standard.

21. Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Universal Standard's ownership of the Universal Standard Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

22. Defendant is a competitor of Universal Standard and has copied the Universal Standard Mark in an effort to exploit Universal Standard's reputation in the market.

23. Upon information and belief, Defendant has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Universal Standard's rights for the purpose of trading off the goodwill and reputation of Plaintiff. If Defendant's willful infringing activities are not preliminarily and permanently enjoined by this Court, Universal Standard and the consuming public will continue to be damaged.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

24. Universal Standard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

25. The Universal Standard Mark is nationally recognized, including within this judicial district, as being affixed to goods and apparel of the highest quality and coming from Plaintiff.

26. The registration embodying the Universal Standard Mark is in full force and effect and has never been abandoned.

27. Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendant's goods or services and falsely mislead consumers into believing that Defendant's products originate from Universal Standard; are affiliated or connected with Universal Standard; or are licensed, sponsored, authorized, approved by, or sanctioned by Universal Standard; or that Universal Standard controls the quality of Defendant's products.

28. Defendant's infringing use of the Accused Mark is without Universal Standard's permission or authority and in total disregard of Universal Standard's rights to control its reputation and intellectual property.

29. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Universal Standard has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Universal Standard.

30. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Universal Standard and reap the benefit of Universal Standard's goodwill associated with its brand and trademarks.

31. As a direct and proximate result of Defendant's infringing activities, Universal Standard has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing the Universal Standard Mark.

32. Universal Standard has no adequate remedy at law.

33. In light of the foregoing, Universal Standard is entitled to injunctive relief prohibiting Defendant from using the Accused Mark, or any marks identical and/or confusingly similar to the Universal Standard Mark, for any purpose, and to recover from

Defendant all damages, including attorneys' fees, that Universal Standard has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

## SECOND CAUSE OF ACTION

### (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))

34.     Universal Standard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

35.     Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Universal Standard's goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's products originate from Universal Standard; are affiliated or connected with Universal Standard; or are licensed, sponsored, authorized, approved by, or sanctioned by Universal Standard; or that Universal Standard controls the quality of Defendant's products.

36.     Defendant's use of the Accused Mark is without Universal Standard's permission or authority and in total disregard of Universal Standard's rights.

37.     Universal Standard has been irreparably damaged by Defendant's unfair competition and misuse of the Universal Standard Mark.

38.     Universal Standard has no adequate remedy at law.

39.     Defendant's egregious conduct in selling infringing merchandise is willful and intentional.

40.     In light of the foregoing, Universal Standard is entitled to injunctive relief prohibiting Defendant from using the Accused Mark, or any trademarks identical and/or confusingly similar to the Universal Standard Mark, and to recover all damages,

including attorneys' fees, that Universal Standard has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement)

41. Universal Standard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42. Universal Standard owns and enjoys common law trademark rights in the Universal Standard Mark throughout the United States, including but not limited to in the state of New York.

43. Defendant's infringing activities in appropriating rights in Universal Standard's common law trademark are intended to capitalize on Universal Standard's goodwill for the purpose of Defendant's own pecuniary gain. Universal Standard has expended substantial time, resources and efforts to obtain an excellent reputation for its brand. As a result of Universal Standard's efforts, Defendant is now unjustly enriched and is benefitting from intellectual property rights that rightfully and exclusively belong to Universal Standard.

44. Defendant's infringing use of the Universal Standard Mark is without Universal Standard's permission or authority and in total disregard of Universal Standard's rights to control its reputation and intellectual property.

45. Defendant's unauthorized use the Accused Mark has caused and is likely to cause confusion as to the source of Defendant's goods and/or services, all to the detriment of Universal Standard.

46. Defendant's acts are willful, deliberate, and intended to confuse the public and/or injure Universal Standard.

47. Universal Standard has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's aforementioned infringing activities, unless

Defendant is permanently enjoined by this Court.

48. Said conduct continues to be inflicted on Universal Standard and violates Universal Standard's common law trademark rights in the Universal Standard Mark. Said conduct was and continues to be harmful to Universal Standard, and as such Universal Standard is entitled to the assessment of increased and punitive damages against Defendant, in an amount to be determined at the trial of this action.

## FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

49. Universal Standard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50. Defendant's appropriation, adoption and use of the Accused Mark on its own products constitutes unfair competition in violation of the common law of the state of New York.

51. Universal Standard hereby alleges that Defendant is a competitor of Universal Standard and has introduced its Accused Mark into the stream of commerce in an effort to exploit Universal Standard's reputation in the market.

52. Defendant's infringing acts were intended to capitalize on the goodwill associated with the Universal Standard Mark for Defendant's own pecuniary gain. Universal Standard has expended substantial time, resources and effort in creating and developing the Universal Standard brand. As a result of Universal Standard's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Universal Standard.

53. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Universal Standard.

54. Universal Standard has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

55. The conduct complained of herein was extreme, outrageous, and was inflicted on Universal Standard in reckless disregard of Universal Standard's rights. Said conduct was despicable and harmful to Universal Standard and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Universal Standard Inc. respectfully prays that this Court enter judgment in its favor and against Defendant Target Corporation as follows:

1. A judgment that Defendant has infringed the Universal Standard Mark and that said infringement was willful;

2. An order granting permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from infringing upon the Universal Standard Mark, including, but not limited to:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the good and/or services that bear the Accused Mark, or any other trademarks identical and/or confusingly similar thereto;

   b. engaging in any other activity constituting unfair competition with Universal Standard, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations owned by or associated with Universal Standard; and

   c. committing any other act which falsely represents, or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Universal Standard;

3. Ordering Defendant to recall from any distributors and retailers and to deliver to Universal Standard for destruction or other disposition all remaining inventory

of all goods bearing the Accused Mark, as well as related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendant to file with this Court and serve on Universal Standard within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a);

6. Awarding Universal Standard all of Defendant's profits and all damages sustained by Universal Standard as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding enhanced damages in the Court's discretion as a result of Defendant's willful infringement;

8. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees there under;

9. Awarding applicable interest, costs, disbursements and attorneys' fees;

10. Awarding Universal Standard punitive damages in connection with its claims under New York law; and

11. Such other relief as may be just and proper.

Dated: July 3, 2018  
Los Angeles, California

Respectfully Submitted,

By: _____  
Brent Blakely (BB 1966)  
1334 Parkview Avenue, Suite 280  
Manhattan Beach, California 90266  
Telephone: (310) 546-7400  
Facsimile: (310) 546-7401  
*Attorneys for Plaintiff*  
*Universal Standard Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Universal Standard Inc. hereby demands a trial by jury of all claims in this litigation.

Dated:   July 3, 2018         Respectfully Submitted,
         Los Angeles, California

By: _____
Brent Blakely (BB 1966)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
*Attorneys for Plaintiff*
*Universal Standard Inc.*