Lita Beth Wright
Kelly McCullough
STORCH AMINI PC
2 Grand Central Tower
140 E. 45th Street, 25th Floor
New York, NY 10017
Telephone: (212) 490-4100
Fax:  212) 490-4208
Email: lbwright@storchamini.com
Email: kmccullough@storchamini.com

James R. Steffen (to be admitted *pro hac vice*)
Peter M. Routhier (to be admitted *pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
Email: James.Steffen@FaegreBD.com
Email: Peter.Routhier@FaegreBD.com

*Attorneys for Defendant Target Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSAL STANDARD INC.,<br>a Delaware Corporation<br><br>       Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br>a Minnesota Corporation, and DOES 1-10,<br>inclusive,<br><br>       Defendants. | Civil Case No. 1:18-cv-06042-LGS<br><br>**TARGET CORPORATION'S**<br>**ANSWER TO THE COMPLAINT**<br><br>(Jury Trial Demanded) |

For its Answer to Plaintiff Universal Standard Inc.'s ("Plaintiff") Complaint dated July 3, 2018 (the "Complaint"), Defendant Target Corporation ("Target") makes the following answers,

1

statements, and allegations. Except as hereinafter admitted, qualified, or otherwise answered, Target denies each and every allegation and assertion made in the Complaint.

## Jurisdiction and Venue

1.      Denied, except Target admits that the Court has subject matter jurisdiction over the claims under the federal Lanham Act, 15 U.S.C. § 1051 et seq., pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Admitted.

3.      Denied, except Target admits that it does business in this judicial district, and separately admits that this court has personal jurisdiction over Target in this action.

4.      Denied, except Target admits that venue is proper in this district.

## The Parties

5.      Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.      Admitted.

7.      Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 7 of the Complaint. Target denies the allegations of the final sentence of paragraph 7 of the Complaint.

8.      Denied.

## Allegations Common to All Causes Of Action

9.      Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.      Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     Denied, except Target admits: that Target is engaged in the retail sale of a wide range of consumer goods, including apparel for men, women, and children; that Target operates stores across the nation, including within this judicial district; and that Target makes online sales at www.target.com, which site is available to consumers nationwide.

17.     Denied.

18.     Denied.

19.     Responding to the allegations set forth in paragraph 19 of the Complaint, Target admits that Plaintiff has never granted Target "permission" to use Target's UNIVERSAL THREAD trademark, but denies that any such "permission" is or was needed.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

3

## FIRST CLAIM FOR RELIEF

24.     Responding to the allegations set forth in paragraph 24 of the Complaint, Target incorporates by reference the preceding paragraphs as though fully set forth herein.

25.     Denied.

26.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

## SECOND CAUSE OF ACTION

34.     Responding to the allegations set forth in paragraph 34 of the Complaint, Target incorporates by reference the preceding paragraphs as though fully set forth herein.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

4

## THIRD CAUSE OF ACTION

41.     Responding to the allegations set forth in paragraph 41 of the Complaint, Target incorporates by reference the preceding paragraphs as though fully set forth herein.

42.     Target is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## FOURTH CAUSE OF ACTION

49.     Responding to the allegations set forth in paragraph 49 of the Complaint, Target incorporates by reference the preceding paragraphs as though fully set forth herein.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## **Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, acquiescence, estoppel, and/or laches.

## **Defenses Reserved**

Target hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery in this matter and reserves the right to amend this Answer to assert any such defenses.

**WHEREFORE**, Target respectfully requests that the Court enter a judgment:

1. Dismissing Plaintiff's claims against Target with prejudice and on the merits;

2. Awarding Target its costs of the suit herein;

3. Awarding Target such attorney's fees as may be allowed by applicable law; and

4. Awarding Target such other relief as the Court may deem just and equitable under the circumstances.

## **JURY DEMAND**

Defendant Target Corporation hereby demands a trial by Jury.

Dated: New York, New York
      August 2, 2018

                    STORCH AMINI PC

                    By: /s/ Lita Beth Wright
                          Lita Beth Wright
                          Kelly McCullough
                    2 Grand Central Tower
                    140 E. 45th Street, 25th Floor
                    New York, NY 10017
                    Telephone: (212) 490-4100
                    Fax: (212) 490-4208
                    Email: lbwright@storchamini.com
                    Email: kmccullough@storchamini.com

                    James R. Steffen (to be admitted *pro hac vice*)
                    Peter M. Routhier (to be admitted *pro hac vice*)
                    FAEGRE BAKER DANIELS LLP
                    2200 Wells Fargo Center
                    90 South Seventh Street
                    Minneapolis, MN 55402
                    Telephone: (612) 766-7000
                    Fax: (612) 766-1600
                    Email: James.Steffen@FaegreBD.com
                    Email: Peter.Routhier@FaegreBD.com

                    *Attorneys for Defendant Target Corporation*